ELECTRONICALLY
FILED
July 12, 2018
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| CHARLES W. BELLON, ROBERT E. EAKIN, JUDY GAY BURKE, LOUISE NICHOLS, WILTON G. WALLACE, BERNADOT F. VEILLON, BARBARA BROWN, and ROBERT E. WILLIAMS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE PPG EMPLOYEE LIFE AND OTHER BENEFITS PLAN, PPG INDUSTRIES, INC., and THE PPG PLAN ADMINISTRATOR,<br><br>Defendants. | C.A. No.   5:18-CV-114 (Bailey)<br><br>CLASS ACTION |

**COMPLAINT**

**I. INTRODUCTION**

Plaintiffs Charles W. Bellon, Robert E. Eakin, Wilton G. Wallace, Robert E. Williams, Judy Gay Burke, Louise Nichols, Bernadot F. Veillon, and Barbara Brown (collectively, "Plaintiffs"), bring this action on behalf of themselves and others similarly situated, to restore and recover contractually-vested retiree life insurance coverage and associated benefits under the PPG Employee Life and Other Benefits Plan including its predecessor plans (the "PPG Plan").

Plaintiffs are: (i) retired former salaried employees of PPG Industries, Inc. ("PPG") who had worked in PPG's commodity chemicals business and who were, at retirement, eligible for and began receiving retiree healthcare and life insurance as participants in The PPG Plan

(hereinafter, "Plaintiff-participants"), or (ii) the surviving spouses and beneficiaries of such retired former salaried employees (hereinafter, "Plaintiff-beneficiaries").

On January 28, 2013, PPG merged its commodity chemicals business with Georgia Gulf Corporation (the "Merger") to form Axiall Corporation ("Axiall"). As part of the Merger, PPG unilaterally removed Plaintiffs from the PPG Plan in violation of the PPG Plan terms, and transferred to Axiall PPG's obligation to provide Plaintiffs with retiree healthcare and life insurance coverage under the PPG Plan.

Axiall continued to provide Plaintiffs with retiree healthcare and life insurance coverage under an Axiall plan until December 31, 2015, when Axiall terminated their life insurance coverage. Since then, Plaintiff-participants and Plaintiff-beneficiaries, and those similarly situated, have been without retiree life insurance coverage and/or have not received the life insurance benefits due to them on the death of a Plaintiff-participant or similarly-situated participant.

## II. NATURE OF THE ACTION

1. Plaintiffs bring this lawsuit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), on behalf of themselves and a Class of similarly situated PPG retirees and beneficiaries.

2. Plaintiffs assert claims under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and contend that: (1) PPG breached PPG Plan terms by unilaterally removing them as PPG Plan participants on January 28, 2013 and transferring to Axiall PPG's obligations for providing them with retiree life insurance coverage under the PPG Plan; (2) PPG violated Section 510 of ERISA, 29 U.S.C. § 1140, by unilaterally transferring to Axiall PPG's obligations to provide Plaintiffs retiree life insurance coverage under the PPG Plan,

which: (a) interfered with Plaintiffs' rights to receive benefits under the PPG Plan, and (b) discriminated against Plaintiffs because PPG continued to provide retiree life insurance coverage to other PPG Plan participants including some who had worked in the chemical commodities unit; and (3) PPG and the PPG Plan Administrator violated their fiduciary duties by removing Plaintiffs, and those similarly situated, from the PPG Plan and transferring to Axiall PPG's obligations to provide them with retiree life insurance coverage under the PPG Plan. In addition, Plaintiffs Bellon, Eakin, Wallace, and Williams bring this action in their individual capacities to recover penalties for the failure of the Plan Administrator to furnish requested information as required by 29 U.S.C. § 1024(b).

3. The harm to Plaintiffs and the Class has been, and continues to be, substantial. Defendants' actions have deprived Plaintiff-participants and similarly-situated participants of retiree life insurance coverage to which they were entitled under the PPG Plan and on which they relied in planning their retirements and estates, and Defendants' actions have deprived Plaintiff-beneficiaries and similarly-situated beneficiaries of retiree life insurance benefits to which they were entitled under the PPG Plan and on which they and their spouses had relied in planning their retirements and estates.

### III. PARTIES

4. Plaintiff Charles W. Bellon ("Bellon") is a retired former exempt salaried employee of PPG and resident of Calcasieu Parish, Louisiana. Bellon worked for PPG from 1967 until 2002, when he retired from the commodity chemicals unit of PPG and began collecting a PPG pension.

5. Plaintiff Robert E. Eakin ("Eakin") is a retired former exempt salaried employee of PPG and resident of Greenville County, South Carolina. Eakin worked for PPG from 1962

until 2001, when he retired from the commodity chemicals unit of PPG and began collecting a PPG pension.

6. Plaintiff Robert E. Williams ("Williams") is a retired former exempt salaried employee of PPG and resident of Indian River County, Florida. Williams worked for PPG from 1959 until 1993, when he retired from the commodity chemicals unit of PPG and began collecting a PPG pension.

7. Plaintiff Wilton G. Wallace ("Wallace") is a retired former exempt salaried employee of PPG and a resident of Calcasieu Parish, Louisiana. Wallace worked for PPG from 1977 until 2001, when he retired from the commodity chemicals unit of PPG and began collecting a PPG pension.

8. Plaintiff Judy Gay Burke ("Burke") is a retired former non-exempt salaried employee of PPG and resident of Marshall County, West Virginia. Burke worked for PPG from 1963 to 2001, when she retired from the commodity chemicals unit of PPG and began collecting a PPG pension.

9. Plaintiff Louise Nichols ("Nichols") is a retired former non-exempt salaried employee of PPG and resident of Calcasieu Parish, Louisiana. Nichols worked for PPG from 1977 to 2012, when she retired from the commodity chemical unit of PPG and began collecting a PPG pension.

10. Plaintiff Bernadot F. Veillon ("Veillon") is the widow and life insurance beneficiary of Harry A. Veillon, a retired former exempt salaried employee of PPG, who worked for PPG from 1967 until 2006, when he retired from the commodity chemicals unit of PPG and began collecting a PPG pension. Veillon is a resident of Calcasieu Parish, Louisiana.

11. Plaintiff Barbara Brown ("Brown") is the widow and life insurance beneficiary of Thomas Brown, a retired former exempt salaried employee of PPG, who worked for PPG from 1960 until 1997, when he retired from the commodity chemicals unit of PPG and began collecting a PPG pension. Brown is a resident of Ohio County, West Virginia.

12. Defendant PPG Employee Life and Other Benefits Plan (PN 579) and its predecessor or successor plans providing retiree life insurance to retired salaried employees of PPG (collectively, the "PPG Plan"), is an "Employee Welfare Benefit Plan" within the meaning of ERISA, 29 U.S.C. § 1002(1).

13. Defendant Plan Administrator is the Director, Payroll, Benefits, and HRIS, or his successor ("Plan Administrator"), PPG Human Relations Department, One PPG Place, Pittsburgh, PA 15272. The Plan Administrator is a fiduciary of the PPG Plan with responsibility for operation and administration of the PPG Plan, and communications with participants.

14. Defendant PPG Industries, Inc. ("PPG") is a for-profit corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Pittsburgh, Pennsylvania.

15. PPG has engaged in business continuously in West Virginia for more than a century. PPG owned and operated manufacturing facilities in this judicial District from at least 1915, when it opened its Clarksburg, WV glass plant, through at least 2013 when it sold the Natrium plant in New Martinsville, WV in the Merger. On information and belief, PPG has sold and currently sells PPG Paints and other PPG made or manufactured products throughout West Virginia, including through company-owned PPG Paints stores in Wheeling, WV in this District.

16. Several Plaintiff-participants and many Class members worked for PPG in this District, earning credit towards their PPG pensions and years of service towards eligibility for

retiree life insurance coverage under the PPG Plan. On information and belief, many PPG retirees live within this judicial District, and many PPG Plan participants receive and/or received in this District communications from the PPG Plan regarding their coverages and/or benefits. Some Class members and Plaintiff-beneficiary Brown's spouse were provided retiree life insurance coverage under the PPG Plan while living in this district and, further, continue to live in this District after the Merger, when Defendants removed them from the PPG Plan and wrongfully terminated coverage to them and/or denied benefits to their beneficiaries.

17. The breaches alleged in this Complaint occurred in this District; PPG's Natrium Plant, which was a major facility in PPG's commodity chemicals division, is located in this District, as are other PPG business operations, including a PPG-owned PPG Paints store; and all Defendants may be found in this District.

### IV. VENUE AND JURISDICTION

18. Jurisdiction is based on 29 U.S.C. § 1132 and 28 U.S.C. § 1331.

19. Venue is based on 29 U.S.C. § 1132(e) (2) and 28 U.S.C. § 1391.

### V. FACTS

20. PPG created the PPG Plan before PPG hired Plaintiff-participants.

21. The PPG Plan provides retiree life insurance to PPG's former salaried employees who: (i) retire from PPG with fifteen (15) or more years of PPG service; and (ii) receive a PPG pension at retirement.

22. Plaintiff-participants Bellon, Eakin, Williams, Wallace, Burke, and Nichols were PPG Plan participants who had more than fifteen (15) years of PPG service and who received a

PPG pension at retirement, and thus were eligible for retiree life insurance coverage under the PPG Plan.

23. Plaintiff-beneficiaries Veillon and Brown are beneficiaries of PPG Plan participants who were eligible for retiree life insurance coverage under the PPG Plan.

24. Plaintiff-participants' rights to retiree life insurance vested at retirement since all of them met the requisite eligibility provisions described in ¶ 21.

25. Retiree life insurance coverage amounts vary, depending on salary and rank.

26. The PPG Plan afforded certain participants the opportunity to elect lower amounts of retiree life insurance in exchange for a commitment by PPG to provide a certain level of "lifetime income" benefits to their spouses upon the death of the participants.

27. A number of the Plaintiffs elected a lower level of retiree life insurance in exchange for this commitment by PPG to provide "lifetime income" benefits to their spouses upon the death of the participants.

28. Plaintiffs Eakin, Bellon, Williams, and Wallace elected the surviving spouse annuity benefit *in lieu* of a larger lump sum payment.

29. The PPG Plan did not authorize PPG to: (i) terminate retiree life insurance for any group or sub-group of participants; (ii) remove any group or sub-group from the PPG Plan; or (iii) transfer or assign PPG Plan obligations or participants to another plan or entity.

30. In on or about January 28, 2013, PPG merged its commodity chemicals business with Georgia Gulf Corporation (the "Merger") to form Axiall.

31. As part of the Merger, PPG purported to transfer to Axiall PPG's obligations under the PPG Plan to provide retiree life insurance coverage to its former salaried employees from its commodity chemicals business.

32. PPG has disavowed any post-Merger responsibility to continue to provide Plaintiffs with PPG Plan benefits, and has advised Plaintiffs' counsel that as,

> …a part of that transaction, all assets and liabilities (including liability for retiree life insurance benefits) associated with employees and former employees who were engaged in PPG's commodity chemicals business were transferred from PPG to Axiall.  **As such, all liability for their retiree life insurance is now the responsibility of Axiall**.

(Letter to John Stember, 9/26/16 (attached as Exhibit 1) (emph. supp.).

33. Upon information and belief, PPG is not paying "lifetime income" benefits to surviving spouses of participants who elected the surviving spouse annuity benefit.

34. No Plaintiff or similarly situated retiree or beneficiary consented to removal from the PPG Plan or transfer to Axiall of PPG's retiree life insurance obligations under the PPG Plan.

35. PPG has transferred only <u>some</u> of its obligations to Axiall to provide retiree life insurance coverage to former salaried employees under the PPG Plan.

36. PPG has continued to provide retiree life insurance coverage under the PPG Plan to retired former salaried employees who did <u>not</u> work in its commodity chemicals business.

37. In addition, PPG has continued to provide retiree life insurance coverage under the PPG Plan to <u>some</u> former salaried employees from its commodity chemicals business.

38. PPG discriminated against Plaintiffs and other similarly situated retirees and beneficiaries by unilaterally removing them from the PPG Plan and transferring to Axiall PPG's obligations to provide them with retiree life insurance coverage under the PPG Plan.

39. PPG knew at the time of the Merger that Axiall lacked the financial resources to provide Plaintiff-participants with both retiree healthcare and life insurance coverage.

40. PPG did not transfer to Axiall any assets along with the retiree life/medical obligations to pay for those insurance coverages.

41. PPG's transfer of its retiree life insurance obligations to Axiall was a transparent and fraudulent attempt by PPG to rid itself of financial obligations it had voluntarily assumed and a breach of promises PPG voluntarily made to secure Plaintiff-participants' services during their working lives.

42. When PPG unilaterally removed Plaintiffs from the PPG Plan and transferred to Axiall its obligations under the PPG Plan to provide them with retiree life insurance coverage, Axiall established a benefit plan (the "Axiall Plan") that, initially, provided Plaintiffs with retiree life insurance and healthcare similar to the coverage that PPG had provided under the PPG Plan.

43. Axiall is Administrator and a named fiduciary of the Axiall Plan.

44. For the rest of 2013 and 2014, the Axiall Plan continued providing Plaintiff-participants and their beneficiaries, and Plaintiff-beneficiaries and their spouses, with retiree healthcare and life insurance coverage like the coverage they received under the PPG Plan.

45. Effective December 31, 2014, Axiall <u>terminated</u> retiree healthcare under the Axiall Plan for Plaintiffs, their eligible dependents and beneficiaries; since then, Axiall has been providing a monthly payment of $100 to each Plaintiff-participant and a monthly payment of $100 to each Plaintiff-participant's spouse to use toward purchase of health insurance.

46. A year later, on December 31, 2015, Axiall <u>terminated</u> Plaintiff-participants' retiree life insurance coverage under the Axiall Plan, claiming that it could no longer afford both retiree healthcare and life insurance, and that it had to terminate life insurance coverage in order continue to making monthly payments towards healthcare.

47. By letters dated September 8, 2016, October 6, 2016 and February 2, 2017 to the PPG Plan Administrator, Plaintiffs Bellon, Eakin, Wallace, and Williams requested the documents under which the PPG Plan is operated. These letters are attached as Exhibits 2-4.

48. The PPG Plan Administrator responded by letters dated September 26, 2016, October 26, 2016, and February 27, 2017, but only produced <u>some</u> of the requested documents. Those letters are attached as Exhibits 1, 5, and 6. While Plaintiffs do not yet know all documents withheld, it is clear that The PPG Plan Administrator's production was incomplete since, among other things, it did not produce <u>any</u> Summary Plan Descriptions ("SPDs") or other plan documents dated before October 2002.[1]

## VI. CLASS ACTION ALLEGATIONS

49. Pursuant to FRCP 23, named Plaintiffs bring Counts I, II, IV, V, and VI on behalf of themselves and a class ("Class") defined as:

> All retired former salaried PPG Industries, Inc. ("PPG") employees (including spouses, surviving spouses, and other beneficiaries of such retired former employees):
>
> (a) Who were participants in the PPG Employee Life and Other Benefits Plan ("PPG Plan");
>
> (b) Who retired with at least 15 years of PPG service and at retirement began receiving a PPG pension and life insurance coverage under the PPG Plan;
>
> (c) Who PPG removed from the PPG Plan in 2013 and for whom PPG transferred to Axiall its retiree life insurance coverage obligations under the PPG Plan; and
>
> (d) Whose retiree life insurance coverage was terminated by Axiall effective December 31, 2015.

50. Pursuant to FRCP 23, Plaintiffs bring Count VI on behalf of those Class members who elected a lower level of retiree life insurance in exchange for a commitment by PPG to

---

[1] Plaintiffs reserve their right to amend this Complaint to add and/or amend their claims and/or plead additional facts once they receive the complete set of plan documents.

provide "lifetime income" benefits to the participants' spouses upon the participants' death (the "Subclass").

51. Class certification is appropriate under Rule 23(a), and Rules 23(b)(1)(A) & (B), 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure.

52. Since several hundred individuals are within the proposed Class definition and joinder is not practical, the Class satisfies the numerosity requirement of Rule 23; and since several dozen individuals are encompassed by the proposed subclass definition and joinder is not practical, the subclass satisfies the numerosity requirement of Rule 23.

53. Questions of law and fact are common to the Class, including:

   (a) Whether PPG had authority to unilaterally remove Plaintiffs and the Class from the PPG Plan and transfer to Axiall PPG's obligations under the PPG Plan to provide Plaintiffs and the Class with retiree life insurance coverage;

   (b) Whether by transferring to Axiall its obligations to provide Plaintiffs and the Class with retiree life insurance coverage under the PPG Plan, PPG violated 29 U.S.C. § 1140 by intentionally depriving them of benefits already earned and vested;

   (c) Whether the PPG Plan Administrator violated his fiduciary duty by permitting unilateral removal of Plaintiffs and the Class from the PPG Plan and transfer to Axiall of PPG's obligations to Plaintiffs and the Class under the PPG Plan to provide retiree life insurance coverage;

   (d) Whether PPG discriminated against Plaintiffs and the Class in violation of 29 U.S.C. § 1140 by removing them from the PPG Plan and transferring to Axiall its obligations to Plaintiffs and the Class to provide retiree life insurance coverage under the PPG Plan while PPG continued to provide retiree life insurance coverage under the PPG Plan to other PPG salaried retirees, including some who had retired from its commodity chemicals operations; and

   (e) The appropriate class-wide remedy.

54. Questions of law and fact are common to the Subclass, including:

      (a)      Whether PPG breached its obligation to provide "lifetime income" benefits to surviving spouses; and

      (b)      The appropriate subclass-wide remedy.

55. The individual claims of the eight named Plaintiffs under Counts I, II, IV, and V are typical of the claims of the Class and the individual claims of the Plaintiff-participants under Count VI are typical of the claims of the Subclass.

56. The named Plaintiffs are Class members and will fairly and adequately represent and protect the interests of the Class:

      (a)      Named Plaintiffs have no interests that conflict with the interests of the Class as a whole, none work for any Defendant, and their interests are aligned with, and not antagonistic to, those of Class members;

      (b)      Plaintiffs have sufficient time, resources and energy to devote to this matter; and

      (c)      Plaintiffs are represented by counsel who are competent and experienced in ERISA class action litigation involving employee benefits.

57. This action is properly maintained as a class action under FRCP 23(b)(1)(A)-(B), as prosecution of separate actions by individual class members would create a risk of: (a) inconsistent or varying adjudications and establishing incompatible standards of conduct for Defendants, and (b) substantially impairing and impeding the ability of other similarly situated individuals to protect their interests.

58. This action is properly maintained as a class action under FRCP 23(b)(2) because, by repudiating an obligation to provide retiree life insurance coverage to Plaintiffs and the Class under the PPG Plan, and by the other actions complained of, Defendants have acted on grounds generally applicable to Plaintiffs and the Class and Subclass such that final injunctive, declaratory and/or other equitable relief is appropriate.

59. This action is properly maintained as a class action under FRCP 23(b)(3), since questions of law or fact common to Plaintiffs and the Class and Subclass predominate over any questions affecting individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy:

   (a) On information and belief, no other case has been filed by any Plaintiff or similarly situated participant;

   (b) The current forum is appropriate for litigating Plaintiffs' claims as six (6) worked for PPG, two Plaintiff-beneficiaries' spouses worked for PPG and two of the Plaintiffs (and many Class members) worked in this district in Natrium, West Virginia in one of PPG's main commodity chemicals plants;

   (c) There should be no difficulties in managing this class action; and

   (d) Any interest class members' may have in prosecuting separate actions is far outweighed by the benefits of consolidated treatment.

60. Plaintiffs Bellon, Eakin, Wallace, and Williams bring Count III on their own behalf and not on behalf of the Class.

## COUNT I
### Claim for Benefits — The PPG Plan

61. The allegations of ¶¶ 1–60 are incorporated as if fully set forth herein.

62. The PPG Plan did not permit PPG to unilaterally remove participants and transfer them and PPG's obligations under the PPG Plan to another entity like Axiall.

63. By unilaterally removing Plaintiffs and the Class from the PPG Plan, transferring to Axiall PPG's obligations to provide them with retiree life insurance coverage under the PPG Plan, and in terminating Plaintiffs and Class Members' already earned and vested rights to retiree life insurance coverage under the PPG Plan, Defendants violated the PPG Plan.

64. Defendants' violation of the terms of the PPG Plan and repudiation of Plaintiffs' and Class Members' rights under the PPG Plan, is actionable under ERISA § 502(a)(1)(B) and (a)(3), 29 U.S.C. § 1132(a)(1)(B) and (a)(3). These ERISA provisions allow a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," and "to enjoin any act or practice which violates … the terms of the plan, or … to obtain other appropriate equitable relief … to redress such violations or … to enforce … the terms of the plan."

## COUNT II
### Section 510 Violation — Interference with Benefits — PPG

65. The allegations of ¶¶ 1–64 are incorporated as if fully set forth herein.

66. PPG violated 29 U.S.C. § 1140 by unilaterally removing Plaintiffs and the Class from the PPG Plan and transferring to Axiall its obligations to provide Plaintiffs and Class Members with retiree life insurance coverage under the PPG Plan in order to interfere with Plaintiffs' and Class Members' rights, and avoid liability, under the PPG Plan.

67. Both before and since the Merger, PPG concealed its intentions and objectives from Plaintiffs and the Class insofar as continuing their retiree life insurance coverage.

## COUNT III
### Failure to furnish documents — Plan Administrator and PPG

68. The allegations of ¶¶ 1–67 are incorporated as if fully set forth herein.

69. The Plan Administrator violated 29 U.S.C. § 1024(b) three times by failing to send all documents that Plaintiffs Bellon, Eakin, Wallace, and Williams repeatedly requested in writing (Exhibits 2-4).

70. Under 29 U.S.C. § 1132 (c)(1), a plan administrator may be penalized up to $147 per day for failing to provide requested documents beginning on the 30th day after the date on which documents are requested and continuing until the documents are furnished.

71. As the Plan Administrator is a PPG employee, PPG has *respondeat superior* liability.

## COUNT IV
### Violation of Fiduciary Duty — Plan Administrator and PPG

72. The allegations of ¶¶ 1–71 are incorporated as if fully set forth herein.

73. ERISA § 404(a), 29 U.S.C. § 1104(a), directs that fiduciaries must act solely in the interest of participants and in accordance with plan documents:

> [A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and…for the exclusive purpose of providing benefits to participants and their beneficiaries…and in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV.

74. The Plan Administrator and PPG violated their fiduciary duties under 29 U.S.C. § 1104 (a)(1)(D) by unilaterally removing Plaintiffs and the Class from the PPG Plan and transferring to Axiall PPG's obligations to Plaintiffs and Class Members to provide retiree life insurance coverage under the PPG Plan, when this action was plainly not in Plaintiffs' and Class members' best interest.

75. The Plan Administrator and PPG violated their fiduciary duties under 29 U.S.C. § 1104 (a)(1)(D) by unilaterally removing Plaintiffs and the Class from the PPG Plan and transferring to Axiall PPG's obligations to Plaintiffs and the Class to provide retiree life

insurance coverage under the PPG Plan, when this action was plainly not authorized under the PPG Plan.

76. The Plan Administrator and PPG violated their fiduciary duties under 29 U.S.C. § 1104 (a)(1)(D) by misrepresenting to Plaintiffs and other Class Members during and after the Merger that their retiree life insurance coverage was not vested and/or that PPG could unilaterally remove them from the PPG Plan.

77. Unilateral removal from the PPG Plan was part of a scheme by the Plan Administrator and PPG to defraud Plaintiffs and the Class of retiree life insurance coverage under the PPG Plan, since Defendants knew that Axiall could not afford, and did not intend, to continue to provide both retiree healthcare and life insurance coverage, particularly when Georgia Gulf was not providing both benefits to its retirees.

78. PPG and the PPG Plan Administrator concealed this scheme from Plaintiffs and the Class.

## COUNT V
### Section 510 Violation-Discrimination — PPG

79. The allegations of ¶¶ 1–78 are incorporated as if fully set forth herein.

80. PPG violated 29 U.S.C. § 1140 by: (1) unilaterally removing Plaintiffs and the Class from the PPG Plan and transferring to Axiall its obligations under the PPG Plan to provide Plaintiffs and Class Members with retiree life insurance coverage; and (2) continuing to provide benefits to other salaried retirees under the PPG Plan, including some who had retired from the commodity chemicals operations, thus discriminating against, and interfering with the rights of, Plaintiffs and the Class under the PPG Plan.

81. PPG concealed this act of discrimination from the Plaintiffs and the Class.

## COUNT VI
## Breach of Contract — PPG

82. The allegations of ¶¶ 1–81 are incorporated as if fully set forth herein.

83. PPG violated its contractual commitments to the participants who are members of the Subclass to provide "lifetime income" benefits to the surviving spouses of such participants.

## VII. RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

    A.    Assume jurisdiction of this case;

    B.    Order the Plan Administrator and PPG to pay each of Plaintiffs Bellon, Eakin, Wallace, and Williams $147 per day for failure to provide the requested documents, commencing on September 8, 2016 and continuing until all requested documents have been furnished;

    C.    Certify this case as a Class Action;

    D.    Appoint Stember Cohn & Davidson-Welling, LLC, James T. Carney, Esquire, and Michael A. Adams, Esquire as Class counsel;

    E.    Appoint Charles W. Bellon, Robert E. Eakin, Judy Gay Burke, Louise Nichols, Bernadot F. Veillon, Barbara Brown, Wilton G. Wallace, and Robert E. Williams as Class Representatives;

    F.    Direct the Plan Administrator and PPG to reinstate Plaintiffs and the Class as participants in the PPG Employee Life and Other Benefits Plan and restore their retiree life insurance coverage under the PPG Plan;

    G.    Direct the Plan Administrator and PPG to pay any claims for retiree life insurance coverage for Plaintiffs and Class members not paid during the period it was not in force but would have been paid had it not been terminated;

    H.    Direct the Plan Administrator and PPG to pay "lifetime income" benefits to the surviving spouses of all Class members who had elected the same;

    I.    Direct the Plan Administrator and PPG to pay all court costs and reasonable attorneys' fees; and

    I.    Grant such further relief as may be deemed necessary and proper.

Respectfully submitted,

Dated: July 12, 2018

s/Michael A. Adams
Michael A. Adams, Esq., R.Ph.
WV I.D. No. 6854
maa@hinermanlaw.com
**HINERMAN & ASSOCIATES, PLLC**
P. O. Box 2465
Weirton, WV 26062
T.: (304) 723-7201
F.: (304) 723-7203

John Stember, Esquire
PA I.D. No. 23643
jstember@stembercohn.com
Maureen Davidson-Welling
PA I.D. No 206751
mdw@stembercohn.com
**STEMBER COHN &
    DAVIDSON-WELLING, LLC**
The Hartley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA 15219
T.: (412) 338-1445
F.: (412) 338-1446

James T. Carney, Esquire
WV I.D. No. 9644
jtcarney10@comcast.net
845 Northridge Drive
Pittsburgh, PA 15216
T.: (412) 561-0533

*Attorneys for Plaintiffs*