IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| CHARLES W. BELLON, ROBERT E. EAKIN, JUDY GAY BURKE, LOUISE NICHOLS, WILTON G. WALLACE, BERNADOT F. VEILLON, BARBARA BROWN, and ROBERT E. WILLIAMS, individually, and on behalf of all others similarly situated, | Case No. 5:18-cv-00114<br><br>District Judge Gina M. Groh<br><br>Magistrate Judge Robert W. Trumble<br><br>CLASS ACTION |
| Plaintiffs, | |
| v. | |
| THE PPG EMPLOYEE LIFE AND OTHER BENEFITS PLAN, PPG INDUSTRIES, INC., and THE PPG PLAN ADMINISTRATOR, | |
| Defendants | |

## PLAINTIFFS' AMENDED RENEWED MOTION FOR CLASS CERTIFICATION

Plaintiffs Charles Bellon, Robert Eakin, Robert Williams, Wilton Wallace, Judy Burke, Louise Nichols, Bernadot Veillon, and Barbara Brown (collectively "Plaintiffs"), by and through counsel and on behalf of themselves and others similarly situated, move the Court to certify this proceeding as a class action.[1,2]

1.  Plaintiffs are former non-union, salaried employees (or spouses of deceased retired former non-union, salaried employees) of PPG Industries, Inc. ("PPG").

---

[1] Due to health issues, Plaintiffs Judy Burke and Barbara Brown have not been proposed as Class representatives in Plaintiffs' Amended Renewed Motion for Class Certification.

[2] Plaintiffs file this Amended Renewed Motion for Class Certification in accordance with the Court's Order Setting Evidentiary Hearing and Argument (ECF No. 328).

2. Plaintiffs (or their spouses) worked for PPG for many years and, once they retired from PPG, were entitled to retiree life insurance under the PPG Employee Life and Other Benefits Plan, including its predecessor and successor plans ("PPG Plan").

3. Sometime before 1969, the Plan contained a ROR that gave PPG the right to change, modify, or terminate the Plan in its sole discretion.

4. The presence of the ROR in the Plan raised concerns among many PPG salaried employees that PPG could take their retiree benefits away at any time before or after retirement.

5. As a consequence, in 1969, PPG removed the ROR from the Plan to assuage employee concerns and because PPG doubted whether the ROR was legally enforceable.

6. PPG's 1969 removal of the ROR was intentional, voluntary, and knowing; by removing the ROR in 1969 PPG voluntarily relinquished and waived its right to change, modify or terminate the Plan and thereby contractually vested Plan participants' rights to retiree life insurance.

7. For approximately 15 years—even after ERISA's passage—PPG provided vested retiree life insurance benefits under the PPG Plan to Plaintiffs and other Class members.

8. Beginning in 1973, the PPG Plan also provided certain participants the option to elect a lower amount of retiree life insurance in exchange for PPG's promise to provide a "guaranteed" "lifetime income" benefit to his or her surviving spouse on that participant's death (SIB).

9. In 2013, PPG sold its commodity chemicals operations to Georgia Gulf Corp. (the "Axiall Transaction").

10. As part of the Axiall Transaction, Defendants attempted to shed its obligations to provide retirement benefits under the PPG Plan by removing Plaintiffs and Class members from

the PPG Plan and transferring responsibility for their retiree life insurance to the newly created, merged entity, Axiall Corp. ("Axiall").

11. Defendants did this despite knowing that Axiall would eliminate these benefits, which Axiall then did, effective December 31, 2015.

12. Accordingly, Plaintiffs bring claims against PPG and the PPG Plan for violations of the Employee Retirement Income Security Act of 1974 ("ERISA") and to recognize their rights and restore retiree life insurance and related benefits under the PPG Plan.

13. This case satisfies all requirements for class certification under Rule 23(a) of the Federal Rule of Civil Procedure ("FRCP"), i.e., numerosity, commonality, typicality, and adequacy.

14. Although only one subsection of Rule 23(b) must be met for a class to be certified, class certification is warranted under each of the three options in FRCP 23(b). *See* FRCP 23(b)(1)(A), -(b)(1)(B), -(b)(2), and -(b)(3).

15. The requirements for appointment of Class Counsel are satisfied. FRCP 23(g).

16. With respect to Count I of the Amended Complaint, Plaintiffs move for certification on behalf of a proposed class ("Class") of:[3]

> All retired former salaried PPG Industries, Inc. ("PPG") employees (and the surviving spouses and other beneficiaries of such retired former employees): (a) Who were participants in the PPG Employee Life and Other Benefits Plan ("PPG Plan"); (b) Who were employed in 1969 or became employed between 1969 and September 1,1984; (c) Who, upon retirement, began receiving life. insurance under the PPG Plan; (d) Who PPG removed from the PPG Plan in 2013 and for whom PPG transferred to Axiall Corporation ("Axiall") its retiree life insurance coverage obligations under the PPG Plan; and (e) Whose retiree life

---

[3] This proposed definition is slightly narrower than the definition in the FAC, as Plaintiffs only seek relief for Class members employed before Sept. 1, 1984, based on the Fourth Circuit's recent opinion.

3

> insurance coverage was terminated by Axiall effective December 31, 2015.

17. With respect to Count I insofar as it pertains to Surviving Spouse Income Benefits ("SIB"), Plaintiffs move to certify a proposed subclass ("Subclass") defined as:

> All Class members who elected the Surviving Spouse Income Benefit coverage ("SIB").

18. In the alternative, to the extent the Court deems it necessary or appropriate to use the definitions stated in the First Amended Complaint, Plaintiffs move to certify Count I on behalf of the proposed Class and Subclass using the Class and Subclass definitions stated, respectively, in paragraphs 49 and 50 of the First Amended Complaint (ECF No. 69).

**WHEREFORE**, for the reasons set forth in the accompanying Memorandum of Facts and Law in Support of Plaintiffs' Amended Renewed Motion for Class Certification, the evidence in the prior-filed Plaintiffs' Appendix in Support of Plaintiffs' Motion for Class Certification (Dkt. No. 152), the submissions of the parties, other supporting documents and evidence and argument at the evidentiary hearing, Plaintiffs respectfully request that this Court: (i) certify this proceeding as a class action under FRCP 23(b)(1) and/or 23(b)(2) or, alternatively, under FRCP 23(b)(3)); (ii) appoint named Plaintiffs Bellon, Eakin, Nichols, Veillon, Wallace, and Williams, as representatives of the Class and Plaintiffs Eakin and Wallace as representatives of the Subclass; and (iii) pursuant to FRCP 23(g), appoint John Stember and Maureen Davidson-Welling of Stember Cohn & Davidson-Welling, LLC, Stephen Skinner of the Skinner Law Firm, and James T. Carney, Esquire, as Class Counsel for the Class and Subclass.

Respectfully submitted,

/s/James T. Carney, Esquire

| | |
|---|---|
| Stephen G. Skinner, Esquire | James T. Carney, Esquire |
| WV I.D. No. 6725 | WV I.D. No. 9644 |
| sskinner@skinnerfirm.com | jtcarney10@comcast.net |
| **Skinner Law Firm** | 845 Northridge Drive |
| 115 E. Washington Street | Pittsburgh, PA 15216 |
| Charles Town, WV 25414 | T.: (412) 561-0533 |
| T: (304) 725-7029 | |

John Stember, Esquire (*pro hac vice*)
jstember@stembercohn.com
Maureen Davidson-Welling, Esquire (*pro hac vice*)
mdw@stembercohn.com
**Stember Cohn &**
   **Davidson-Welling, LLC**
425 First Avenue, 7th Floor
Pittsburgh, PA 15219

Dated:  March 20, 2023          T: (412) 338-1445

5

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA (Wheeling)

| | |
|---|---|
| CHARLES W. BELLON, ROBERT E. EAKIN, JUDY GAY BURKE, LOUISE NICHOLS, WILTON G. WALLACE, BERNADOT F. VEILLON, BARBARA BROWN, and ROBERT E. WILLIAMS, on behalf of themselves and others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>THE PPG EMPLOYEE LIFE AND OTHER BENEFITS PLAN, PPG INDUSTRIES, INC., and THE PPG PLAN ADMINISTRATOR,<br><br>            Defendants. | Case No. 5:18-cv-00114<br><br>District Judge Gina M. Groh<br><br>Magistrate Judge Robert W. Trumble<br><br>CLASS ACTION |

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of **PLAINTIFFS' AMENDED RENEWED MOTION FOR CLASS CERTIFICATION** was filed with the Clerk of Court using the Court's CM/ECF system, which will send notifications of such filing to the following:

Joseph Torres, Esquire
Alexis Bates, Esquire
Hope H. Tone-O'Keefe, Esquire
Jenner & Block LLP
353 North Clark Street
Chicago, IL  60654-3456
JTorres@jenner.com; ABates@jenner.com;
HToneOKeefe@jenner.com

Theodore Schroeder, Esquire
Littler Mendelson, PC
EQT Plaza
625 Liberty Avenue, 26th Fl.
Pittsburgh, PA  15222-3110
TSchroeder@littler.com

Kameron Miller, Esquire
Littler Mendelson, P.C
707 Virginia Street, East, Suite 1010
Charleston, WV  25301
kmiller@littler.com

Dated:  March 20, 2023

/s/James T. Carney, Esquire
James T. Carney, Esquire